UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHAMEKA BANKS                                          CIVIL ACTION NO. 26-cv-2116

VERSUS                                                       JUDGE S. MAURICE HICKS, JR.

FRYMASTER CORP                                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Shameka Banks ("Plaintiff"), who is self-represented, filed this civil action by filing a complaint provided by the court for commencing Title VII employment discrimination actions.  The form asked Plaintiff to describe in her own words the employment practices about which she is complaining.  She was also directed to identify the persons, companies, and the like that she says have engaged in such practices.  Plaintiff wrote only, "Just Frymaster attached copies."  She attached 72 pages of various exhibits, including a Notice of Right to Sue from the EEOC, a copy of her driver's license, a copy of her damaged social security card, a form about replacing a social security card, an employee statement form that was apparently submitted to her employer, a letter from her employer regarding a workplace investigation, and the like.  Those submissions are not adequate to constitute a complaint, as required to commence a civil action, and they do not state a plausible claim against Frymaster.

Federal Rule of Civil Procedure 8 requires that a pleading that states a claim for relief contain a "short plain statement of the claim showing that the pleader is entitled to relief" as well as a demand for the relief sought.  This short and plain statement is ordinarily set forth in separate numbered paragraph.  Plaintiff's complaint must also plead enough

facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). Plaintiff's general reference to a pile of papers is not adequate to comply with these requirements.

If Plaintiff wishes to proceed with this civil action, she must file a Restated and Amended Complaint that complies with Rule 8 and sets forth a short and plain statement of the claim that she wishes to pursue against Frymaster. The deadline for compliance with this requirement is **July 17, 2026**. Failure to comply with this order may result in the dismissal of this civil action.

This is not an agency proceeding like the EEOC proceedings that Plaintiff pursued earlier. This is federal court litigation, which even attorneys often find challenging. Plaintiff must realize that she will not be able to simply fill out a form and await a decision. Pursuing this civil action will require a great deal of time and effort, all in compliance with the applicable rules of procedure and evidence. Neither the judge's staff nor the Clerk of Court may give her legal advice.

Plaintiff must keep the court informed of a current address. If Plaintiff should have a change in address, Plaintiff must notify the Clerk of Court in writing. If mail is issued to Plaintiff and it is returned for an insufficient address, that may lead to dismissal of this case. If at any time Plaintiff does not wish to pursue this case, Plaintiff may communicate that to the court in writing, and the case will be dismissed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2026.

Page **2** of **2**

Mark L. Hornsby
U.S. Magistrate Judge